# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MERIT TAT INTERNATIONAL, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 06 C 3137 |
| | ) | |
| v. | ) | Magistrate Judge Geraldine Soat Brown |
| | ) | |
| WYNNCHURCH CAPITAL PARTNERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter came before the court on the motion for summary judgment filed by defendants Wynnchurch Capital Partners, L.P. and Wynnchurch Capital Partners Canada, L.P. (collectively, the "Wynnchurch Defendants") against plaintiff Merit Tat International, Ltd. ("Merit Tat") pursuant to Fed. R. Civ. P. 56(c). [Dkt 75.] Federal jurisdiction in this case is premised on diversity of citizenship. 28 U.S.C. § 1332. The parties have consented to the exercise of jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). [Dkt 38.]

Upon reviewing the papers filed in conjunction with the motion for summary judgment, the court ordered Merit Tat to show cause why this case should not be dismissed for a lack of jurisdiction. [Dkt 96.] Merit Tat did not file any submission by the date allowed. For the reasons set out below, the court finds that there is no subject matter jurisdiction, and the case is dismissed without prejudice for a lack of federal jurisdiction.

## Procedural Background

In June 2006, Merit Tat, a foreign corporation with its principal place of business in China, filed a complaint against the following defendants: (1) Wormser Company, an Illinois corporation; (2) Wynnchurch Capital, Ltd., a Delaware corporation with its principal place of business in Illinois; (3) John Hatherly, an individual (president of Wynnchurch Capital Ltd.); and (4) Frank Hayes, an individual (partner of Wynnchurch Capital, Ltd.). (Compl. ¶¶ 4-9.) [Dkt 1.] In its complaint, Merit Tat sought to satisfy a debt defendant Wormser Company purportedly owed it. (Compl. ¶¶ 1, 21-27.)

Wormser Company filed for bankruptcy in July 2006 and was dismissed as a party without prejudice. [Dkt 5, 15.] The remaining defendants filed a motion to dismiss. [Dkt 9.] Before that motion was decided, Merit Tat moved for leave to file an amended complaint. [Dkt 19.] That motion was granted and an amended complaint was filed. [Dkt 21, 22.] The amended complaint dropped defendant Wynnchurch Capital, Ltd., as well as the other three defendants named in the original complaint, and added Wynnchurch Capital Partners, L.P. and Wynnchurch Capital Partners Canada, L.P. as defendants. (Am. Compl. ¶¶ 5, 6.] In the amended complaint, Merit Tat sought to pierce the corporate veil and hold the Wynnchurch Defendants responsible for the debt allegedly owed by Wormser Company. (*Id.* ¶ 1.) The case proceeded through discovery and to Wynnchurch Defendants' current motion for summary judgment.

In the exhibits accompanying their Rule 56.1 Statement in support of that motion, the Wynnchurch Defendants provided the limited partnership agreements for each of the Wynnchurch Defendants, as well as the names and citizenships of each of the partners in the limited partnerships. (Defs.' LR Exs. 2, 3.) [Dkt 82.] The partners who comprise defendant Wynnchurch Capital

Partners, L.P. include both foreign and United States citizens. The partners who comprise defendant Wynnchurch Capital Partners Canada, L.P. include foreign (Canadian) partners. (Defs.' LR Exs. 2, 3.)[1]  That disclosure revealed that there is no federal jurisdiction over this case.

**Discussion**

Federal courts are courts of limited jurisdiction. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir. 1997). In the absence of jurisdiction, a court is powerless to act. *Lewis v. Local Union No. 100 of the Laborers' Int'l. Union of N.A., AFL-CIO*, 750 F.2d 1368, 1377 n. 11 (7th Cir. 1984). Federal courts are expected to monitor their jurisdictional boundaries vigilantly and to guard carefully against expansion by judicial interpretation. *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951); *In re Shell Oil Co.*, 966 F.2d 1130, 1133 (7th Cir. 1992); *see also Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999) (stating that district court is not limited to the jurisdictional allegations of the complaint and may look to whatever evidence has been submitted to determine whether subject matter jurisdiction exists). Just as a federal court cannot expand its jurisdiction, parties may not confer subject matter jurisdiction on a federal court by oversight, collusion, or consent. *Nightingale Home Healthcare, Inc. v. Anodyne Therapy, LLC*, 589 F.3d 881, 886 (7th Cir. 2009); *Shell Oil*, 966 F.2d at 1133.

---

[1] The amended complaint alleged that defendant Wynnchurch Capital Partners Canada, L.P. is an Alberta limited partnership with its principal place of business in Illinois, and that defendant Wynnchurch Capital Partners, L.P. is a Delaware *corporation* with its principal place of business in Illinois. Defendants admitted both allegations in their answer to the amended complaint. (Answer ¶¶ 5, 6.) [Dkt 30.] Thus, although defendant Wynnchurch Capital Partners, L.P. had the notation "L.P." in its name in the caption and throughout the pleadings, signifying that it was a limited partnership like its co-defendant, the Wynnchurch Defendants erroneously stated that it was a corporation.

28 U.S.C. § 1332(a), which governs federal jurisdiction in diversity cases, states that the courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, and is between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state as plaintiff and citizens of a State or of different States. Merit Tat, the only plaintiff in this case, is a citizen of a foreign state.[2] The defendants named in the original complaint are citizens of the United States. Thus, at the time the suit was filed, the court had original jurisdiction of the case under § 1332(a)(2), because the matter was between "citizens of a State and citizens or subjects of a foreign state."[3]

When Merit Tat amended its complaint, however, it dismissed the four defendants with United States citizenship, and added in their stead two defendants who are limited partnerships. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990). A limited partnership is deemed to be a citizen of every state of which any of its general or limited partners are citizens. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990). Because both of the limited partnerships in this case are comprised of at least some foreign partners, the Wynnchurch Defendants are citizens of both foreign states and the United States. *Id*. Thus, as currently postured, the case is between a single plaintiff

---

[2] *See* 28 U.S.C. § 1332(c)(1) (stating that a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business). Because Merit Tat is a foreign corporation with its principal place of business in China, it is a citizen of a foreign state only. (Pl.'s LR Resp. ¶ 4.) [Dkt 85.]

[3] Surprisingly, there is nothing in the record expressly stating the citizenship of the two original individual defendants. However, from some facts that are in the record (specifically, that those individuals hold the positions of president and partner of Wynnchurch Capital, Ltd., which has its principal place of business in Illinois), it may be inferred that the two individuals are United States citizens. In any event, their citizenship is not relevant to the outcome of this ruling.

of foreign citizenship and multiple defendants of both foreign and United States citizenship.

Accordingly, the court must now address the following issues: (1) whether the court has jurisdiction of the case in its current posture; and (2) if not, whether the lack of diversity between the parties divests the court of jurisdiction, given that the original parties were diverse and the court had jurisdiction when the complaint was filed.

A.  **Whether there is diversity of citizenship between Merit Tat and the Wynnchurch Defendants**

To determine whether there is diversity of citizenship between the parties, the court must look to § 1332(a), set forth above. Subpart (1) of § 1332(a) does not apply because the case is not between "citizens of different States." Merit Tat is a citizen of a foreign state. Subpart (2) does not apply because the case is not between "citizens of a State and citizens or subjects of a foreign state." Merit Tat is a citizen of a foreign state, but the Wynnchurch Defendants are comprised not only of citizens of a State, but also of citizens of foreign states. Subpart (3) does not apply, because the case is not between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." Merit Tat is a citizen of a foreign state, but it is not an "additional part[y]," since it is the only plaintiff in the case. Finally, subpart (4) does not apply because the case is not between "a foreign state . . . as plaintiff and citizens of a State or of different States." Again, the Wynnchurch Defendants are comprised of citizens of a State *and* citizens of foreign states. Moreover, Merit Tat is not a "foreign state" in and of itself; it is a citizen of a foreign state. *See* 28 U.S.C. § 1603(a).[4]

---

[4] 28 U.S.C. § 1603(a) defines a "foreign state" as a "political subdivision of a foreign state or an agency or instrumentality of a foreign state." An "agency or instrumentality of a foreign state" means any entity (1) which is a separate legal person, corporate or otherwise, and (2) which is an organ of a foreign state or political subdivision thereof . . . ." 28 U.S.C. §

In short, because plaintiff Merit Tat is a foreign corporation, and the Wynnchurch Defendants have partners who are foreign citizens, there is no diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332(a). *Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 361 F.3d 359, 361 (7th Cir. 2004) (stating that "diversity jurisdiction does not extend to a suit in which there is a U.S. citizen on only one side of the suit and foreign parties on both sides") (citations omitted); *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 10 F.3d 425, 428 (7th Cir. 1993) (holding that diversity jurisdiction is destroyed when one side of the action has only foreign parties and the other side has a mixture of foreign and domestic parties because the case does not fit within any § 1332 pigeonholes). Because there is no diversity of citizenship as the case is currently postured, the next question is whether the court is divested of jurisdiction, given that there was diversity when the case was filed.

### B. Whether jurisdiction may be divested although it existed at the time the action commenced

In *Freeport-McMoran, Inc. v. K N Energy, Inc.*, 498 U.S. 426 (1991), the Supreme Court reaffirmed "the well-established rule that diversity of citizenship is assessed at the time the action is filed. . . . [I]f jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." *Id.* at 428 (citations omitted). *See also Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004) (stating that "[i]t has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought'") (citation omitted).

---

1603(b). Merit Tat does not meet the definition of a foreign state, nor does it contend that it does.

That quotation from *Freeport-McMoran* would seem to suggest that as long as there is complete diversity when a case is filed, jurisdiction may not be divested. In *Freeport-McMoran*, however, the party who was added as a plaintiff – and who would have otherwise destroyed diversity jurisdiction – was not an "indispensable" party at the time the complaint was filed. 498 U.S. at 428. In fact, that party had no interest in the case until sometime after the suit was filed when the original plaintiff transferred its interest in the contract in dispute. The Court relied on that fact in concluding that diversity jurisdiction would not be destroyed. *Id.* The Court expressly stated that it was not overruling *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365 (1978), a decision holding that a plaintiff may not defeat the statutory requirement of complete diversity of citizenship simply by suing only the diverse defendants and then waiting for them to bring in the nondiverse defendants. *See Freeport-McMoran*, 498 U.S. at 429.

Several court of appeals decisions confirm this interpretation of *Freeport-McMoran* as limited to the substitution of parties under Rule 25, viewing the Court's declaration that "subsequent events" do not divest the district court of diversity jurisdiction as referring mainly to post-filing transfers of interest, not to all post-filing additions of non-diverse parties. *See American Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP*, 362 F.3d 136, 140 (1st Cir. 2004) (citing cases); *see also Estate of Alvarez v. Donaldson Co.*, 213 F.3d 993, 994-95 (7th Cir. 2000) (holding that diversity jurisdiction present when action commenced can be divested by the subsequent addition of nondiverse parties); *Costain Coal Holdings, Inc. v. Resource Invest. Corp.*, 15 F.3d 733, 734-35 (7th Cir. 1994) (holding that substitution of nondiverse defendant destroyed diversity jurisdiction); *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 471 (7th Cir. 1999) (affirming denial of motion to amend complaint to add non-diverse parties because "addition would have destroyed

complete diversity, requiring the dismissal of the suit after two years").

In *American Fiber*, a case very much on point, the plaintiff (a Delaware corporation) sued a defendant (a Nevada corporation) in federal court, basing federal jurisdiction on diversity of citizenship. 362 F.3d. at 137-38. Subsequently, the plaintiff exercised its right to amend once before a responsive pleading was served, filing an amended complaint that dropped the defendant and added a new defendant that was a limited partnership. *Id.* at 138. Because one of the partners in the newly-added defendant was a Delaware citizen, and a limited partnership is deemed to be a citizen of every state of which any of its general or limited partners are citizens, diversity between the parties was destroyed. *Id.* The parties apparently failed to recognize that problem, however. The defendant did not challenge the amendment, and the case proceeded for several years, culminating in summary judgment for the defendant. *Id.*

On appeal, the plaintiff at last recognized the lack of diversity between the parties and moved to vacate the judgment. *Id.* The court recited the rule that there must be complete diversity among the parties to sustain federal jurisdiction, and found that diversity had not existed since the moment the plaintiff amended the complaint to add the new, non-diverse defendant to the action. *Id.* at 139. The court considered whether it could dismiss the non-diverse defendant in order to cure the defect in diversity jurisdiction, but concluded that it could not because the limited partnership was the sole defendant and therefore indispensable. *Id.* at 142 (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837 (1989)). As a result, the court vacated the judgment for lack of jurisdiction.[5]

---

[5] The court acknowledged that there are exceptions to the rule requiring that there be complete diversity to sustain diversity jurisdiction, such as where opposing parties are diverse at the moment of suit and one moves to the other's home state; however, it found that none of the exceptions to the rule were present. *Id*. at 139, 140 (citations omitted).

The court noted that the result was "unsettling," given that the plaintiff had been able to bring its case in federal court, take it to final judgment, lose, and then invoke a jurisdictional defect of its own creation in order to avoid the judgment. *Id.* at 142. But finding subject matter jurisdiction there "would allow for the easy circumvention of 28 U.S.C. § 1332(a)(1) and would expand the reach of diversity jurisdiction beyond what Congress intended." *Id.* at 140.

As in *American Fiber*, the parties here are not completely diverse from each other and the defect cannot be cured by dismissing a party. Merit Tat, the only plaintiff, is plainly indispensable. And because both of the Wynnchurch Defendants have partners who are foreign citizens, they would both have to be dismissed from the case to cure the defect in diversity, leaving the case with no defendants.

The Wynnchurch Defendants' position as parties in this case did not arise from events occurring after the filing of the lawsuit, as was the case with the later-added plaintiff in *Freeport-McMoran*. Although the parties named in Merit Tat's original complaint were diverse, the original defendants (with the exception of Wormser Company which was dismissed early on) were not the proper defendants. Merit Tat apparently realized that fact when the original defendants moved to dismiss, and voluntarily amended its complaint to remove the original defendants and to bring in the Wynnchurch Defendants as the proper defendants on its claim.[6] They were the proper defendants all along, but Merit Tat could not have brought this suit in federal court if the Wynnchurch Defendants had been named as the defendants in the original complaint along with Wormser Company. To allow Merit Tat to obtain federal jurisdiction by suing the wrong parties (albeit

---

[6] Referring to the Wynnchurch Defendants as the proper defendants is not to suggest any view on the merit of Merit Tat's claims. Rather, Merit Tat brought the Wynnchurch Defendants into the case as the proper objects of its claims.

unintentionally) and then promptly amending to substitute non-diverse parties would, as the Seventh Circuit has put it, allow the plaintiff to do in two steps what, if done in one, would clearly disclose the absence of federal jurisdiction. *American Natl. Bank and Trust Co. of Chicago v. Bailey,* 750 F.2d 577, 583 (7th Cir. 1984).

The fact that the original parties were diverse does not prevent the court's jurisdiction from being divested. There is no federal subject matter jurisdiction here.

## CONCLUSION

For the foregoing reasons, the case is dismissed without prejudice for a lack of federal jurisdiction.

IT IS SO ORDERED.

_____
GERALDINE SOAT BROWN
United States Magistrate Judge

DATED: February 25, 2010